THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SAMUEL JUSINO

    Plaintiff,

-VS-

CASE NO.: 6:14-cv-332-orl-36PAB

DISH NETWORK, L.L.C.,

    Defendant.
_____/

**JURY TRIAL DEMANDED**

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.000) exclusive of attorney fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

4. The alleged violations described in the Complaint occurred in Orange County, Florida.

### FACTUAL ALLEGATIONS

5. Plaintiff, SAMUEL JUSINO is a natural person, and citizen of the State of Florida, residing in Orange County, Florida.

6. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

7. Plaintiff is an "alleged debtor."

8. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

9. Defendant, DISH NETWORK, L.L.C., (hereinafter "DISH"), is a corporation which was formed in Colorado with its principal place of business at 9601 South Meridian Boulevard, Englewood, CO 80112 and conducting business in the state of Florida through its registered agent, Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

11. DISH intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

12. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

13. Each call made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

14. Each call DISH made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

15. Beginning on or about April, 2013 Plaintiff started receiving calls from DISH attempting to collect an alleged debt owed by Plaintiff.

16. In April, 2013, Plaintiff spoke to an agent at DISH and requested the calls to his cellular phone to cease.

17. Roughly a month later Plaintiff spoke with two additional agents at DISH and requested the calls to his cellular phone to cease.

18. In June, 2013, Plaintiff spoke with an account manager at DISH "Vanessa Saucedo" and requested again the calls to his cellular phone to cease.

19. Following these conversations, Plaintiff cellular phone was called approximately 100 additional times.

20. DISH attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

21. DISH has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

22. DISH has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or , to remove the incorrect number.

23. DISH's corporate policy is structured to continue to call individuals like the Plaintiff, despite these individuals requesting for these calls to stop.

24. Under information and belief, DISH's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

25. DISH has a corporate policy to harass and abuse individuals despite actual knowledge it does not have consent to call their cellular phone.

26. Plaintiff did not expressly consent to DISH's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to DISH's placement of the calls and further requested such calls cease.

27. None of DISH's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

28. DISH willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff incorporates Paragraphs 1 through 28.

30.     DISH repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against the Defendants for statutory damages of $500 for the violation of the act and $1500 for each willful violation of the act, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

31.     Plaintiff incorporates 1 through 28.

32.     At all times relevant to this action DISH is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

33.     DISH has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

34.     DISH has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

35.     DISH's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Jared M. Lee, Esquire
Florida Bar No.: 0052284
Morgan & Morgan, P.A.
20 North Orange Avenue, 4th Floor
Orlando, FL 32801
Tele: 407-420-1414
Fax: 407-245-3484
Attorney for Plaintiff
JLee@forthepeople.com